UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:21-cv-00887

LUCIA BRAVO, an
individual,

    Plaintiff,

v.

IQ DATA INTERNATIONAL, INC.
a foreign for-profit corporation,
EXPERIAN INFORMATION
SOLUTIONS, INC.,
a foreign for-profit corporation,
EQUIFAX INFORMATION
SERVICES, LLC,
a foreign limited liability company, and
TRANSUNION, LLC,
a foreign limited liability company,

    Defendants.
_____/

**DEFENDANT I.Q. DATA INTERNATIONAL'S
ANSWER, AFFIRMATIVE DEFENSES, AND
REQUEST FOR ATTORNEY'S FEES AND COSTS
<u>TO THE INITIAL COMPLAINT</u>**

    DEFENDANT, I.Q. DATA INTERNATIONAL, INC. ("DEFENDANT"), by and through undersigned counsel, hereby files this Answer and Affirmative Defenses to the Initial Complaint. All allegations not specifically admitted are denied.

**I. <u>ANSWER</u>**

**<u>Preliminary Statement</u>**

    1.    DEFENDANT admits that this action purports to state claims under the FCCPA and the FCRA; however, DEFENDANT denies that it is liable to PLAINTIFF for any damages or

violations of the law; accordingly, all allegations in this paragraph against DEFENDANT are denied.

2. This paragraph makes no allegations against DEFENDANT; accordingly, all allegations are denied.

### Jurisdiction, Venue, & Parties

3. DEFENDANT does not dispute the jurisdiction of this Court.

4. DEFENDANT does not dispute the jurisdiction of this Court.

5. DEFENDANT does not dispute venue.

6. DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

7. DEFENDANT generally admits the allegations of this paragraph, except that its principal place of business is not located in "Bothwell" Washington as Plaintiff alleges.

8. DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

9. DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

10. DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

### FCRA Statutory Structure

11. This is an opinion and not a short and plain factual statement relevant to this case; accordingly, all allegations are denied.

12. This is an opinion and not a short and plain factual statement relevant to this case; accordingly, all allegations are denied.

13. This is an opinion and not a short and plain factual statement relevant to this case; accordingly, all allegations are denied.

14. This is an opinion and not a short and plain factual statement relevant to this case; accordingly, all allegations are denied.

15. This is an opinion and not a short and plain factual statement relevant to this case; accordingly, all allegations are denied.

16. This is an opinion and not a short and plain factual statement relevant to this case; accordingly, all allegations are denied.

17. This is an opinion and not a short and plain factual statement relevant to this case; accordingly, all allegations are denied.

18. This is an opinion and not a short and plain factual statement relevant to this case; accordingly, all allegations are denied.

### **FCCPA Statutory Structure**

19. This is an opinion and not a short and plain factual statement relevant to this case; accordingly, all allegations are denied.

20. This is an opinion and not a short and plain factual statement relevant to this case; accordingly, all allegations are denied.

21. This is an opinion and not a short and plain factual statement relevant to this case; accordingly, all allegations are denied.

22. This is an opinion and not a short and plain factual statement relevant to this case; accordingly, all allegations are denied.

## General Allegations

23. DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

24. DEFENDANT admits that it regularly collects debts from Florida consumers, but denies that Defendant has subsidiaries.

25. Admitted.

26. Admitted.

27. Admitted.

28. DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

29. DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

30. Denied.

31. DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

32. Denied.

33. Denied; no conditions precedent have been alleged or identified.

## Factual Allegations

34. Admitted.  The letter speaks for itself.

35. Denied.

36. Admitted.  The letter speaks for itself.

37. Admitted.  The lease speaks for itself.

38. As to first allegation, denied; PLAINTIFF has used the name "Lucia Bibb." PLAINTIFF'S ex-husband is "Joel Bibb." As to the remaining allegations, DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

39. DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

40. DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

41. Admitted.

42. The letter speaks for itself. Regarding the allegations in this paragraph, DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

43. The letter speaks for itself. Regarding the allegations in this paragraph, DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

44. The letter speaks for itself. Regarding the allegations in this paragraph, DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

45. The letter speaks for itself. Regarding the allegations in this paragraph, DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

46. The letter speaks for itself. Regarding the allegations in this paragraph, DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

47. The letter speaks for itself. Regarding the allegations in this paragraph, DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

48. Denied.

49. The letter speaks for itself. Regarding the allegations in this paragraph, DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

50. The letter speaks for itself. Regarding the allegations in this paragraph, DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

51. The letter speaks for itself. Regarding the allegations in this paragraph, DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

**Damages**

52. DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

53. DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

54. This is an opinion and not a short and plain factual statement relevant to this case; accordingly, all allegations are denied.

55. This is an opinion and not a short and plain factual statement relevant to this case; accordingly, all allegations are denied.

56. Denied.

57. Denied.

58. Admitted.

### COUNT I: FCCPA – Section 559.72(7) – IQ DATA

DEFENDANT re-asserts paragraphs 1 through and including 58, as if fully and individually re-stated herein and further states as follows:

59. Denied.

60. DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

61. Denied. The letters to PLAINTIFF speak for themselves.

62. Denied.

63. Denied.

64. Denied.

### COUNT II: FCCPA – Section 559.72(9) – IQ DATA

DEFENDANT re-asserts paragraphs 1 through and including 58, as if fully and individually re-stated herein and further states as follows:

65. Denied.

66. DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

67. Denied. The letter speaks for itself.

68. Denied.

69. Denied.

## COUNT III: FCRA – Section 1681s-2(b) – IQ DATA

DEFENDANT re-asserts paragraphs 1 through and including 58, as if fully and individually re-stated herein and further states as follows:

70. Denied.

71. DEFENDANT lacks knowledge or information sufficient to form a belief about the truth of such allegations; therefore, the allegations are denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

## COUNT IV: FCRA – Section 1681e(b)
## Experian, Equifax, and TransUnion

DEFENDANT re-asserts paragraphs 1 through and including 58, as if fully and individually re-stated herein and further states as follows:

Paragraphs 81 through and including 88: This count was not brought against IQ DATA; accordingly, all allegations are denied.

8

### COUNT V: FCRA – Section 1681i(a)(1)
### Experian, Equifax, and TransUnion

DEFENDANT re-asserts paragraphs 1 through and including 58, as if fully and individually re-stated herein and further states as follows:

Paragraphs 89 through and including 104:  This count was not brought against IQ DATA; accordingly, all allegations are denied.

### COUNT VI: FCRA – Section 1681i(a)(4)
### Experian, Equifax, and TransUnion

DEFENDANT re-asserts paragraphs 1 through and including 58, as if fully and individually re-stated herein and further states as follows:

Paragraphs 105 through and including 110:  This count was not brought against IQ DATA; accordingly, all allegations are denied.

### COUNT VII: FCRA – Section 1681i(a)(5)
### Experian, Equifax, and TransUnion

DEFENDANT re-asserts paragraphs 1 through and including 58, as if fully and individually re-stated herein and further states as follows:

Paragraphs 111 through and including 116:  This count was not brought against IQ DATA; accordingly, all allegations are denied.

## II.  AFFIRMATIVE DEFENSES

1. DEFENDANT is entitled to set-off any amount of monies received by PLAINTIFF regarding the incident alleged in the operative complaint; and/or payment from any collateral source, such as a CO-DEFENDANTS. See Losada v. Norwegian (Bahamas) Ltd., 296 F.R.D. 688, 691-92 (S.D. Fla. 2013).

2. DEFENDANT asserts 15 USC 1681h(e) as an affirmative defense.

3. DEFENDANT asserts that as a furnisher of information under the FCRA, it reported accurately and truthfully that the debt at issue was "disputed," which it was in fact "disputed." A "disputed" debt has no impact on a person's credit score.

4. DEFENDANT asserts that the alleged debt is not invalid or improper on its face.

5. DEFENDANT asserts that it acted in good faith at all times and consistent with industry standards.

6. DEFENDANT asserts that any alleged damages were caused, at least in part, by the actions of PLAINTIFF and/or third parties; therefore, DEFENDANT cannot be liable or can only be liable for its share of the alleged improper act.

7. DEFENDANT asserts that PLAINTIFF failed to mitigate PLAINTIFF'S alleged damages.

8. DEFENDANT asserts that PLAINTIFF has waived or is estopped from complaining of DEFENDANT'S conduct because PLAINTIFF refused to comply or cooperate with DEFENDANT'S investigation of the alleged identify theft. Instead of providing required documentation to DEFENDANT during its investigation of this matter, PLAINTIFF instead filed the instant lawsuit.

9. PLAINTIFF is barred from complaining of a violation of the FCRA because PLAINTIFF failed to comply with 15 U.S.C. § 1681c-2(a)(2) by not providing a copy of an identity theft report or a police report.

10. The Statute of Limitations for both the FCRA and FCCPA bar PLAINTIFF from complaining of any incident or conduct allegedly occurring in excess of two years from the date the instant Complaint was filed.

11. DEFENDANT asserts that it is entitled to rely upon and assume that legal orders

are facially valid. Here, a "Stipulation for Settlement" was obtained by DEFENDANT verifying the alleged debt at issue and the document appears to contain PLAINTIFF'S signature and initials. DEFENDANT was entitled to rely upon the facial validity of this document during its investigation.

12. As a matter of law, DEFENDANT complied with the FDCPA's "debt verification" statute – § 1692g. And, the FCCPA is to be interpreted consistent with the FDCPA; thus, there can be no violation of the FCCPA as a matter of law.

13. DEFENDANT is entitled to "reasonably" rely on information and documents received from creditors. Such reasonable reliance bars PLAINTIFF'S claims in this action.

14. DEFENDANT raises Fla. Stat. 559.77(3) as an affirmative defense to the FCCPA claims in the event PLAINTIFF is challenging any of DEFENDANT'S procedures. DEFENDANT asserts by a preponderance of the evidence that any alleged violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

15. DEFENDANT asserts that any alleged damage to PLAINTIFF was the result of an intervening, superseding, and/or criminal act, such as identity theft; therefore, DEFENDANT is not responsible for PLAINTIFF'S alleged damages.

16. DEFENDANT asserts that claims for exemplary or punitive damages violates its rights under the U.S. Constitution and any analogous provisions of the Florida State Constitution.

### III. REQUEST FOR ATTORNEY'S FEES AND COSTS

IQ DATA asserts that this matter was brought against it in bad faith and for purposes of harassment; thus, it is entitled to reasonable attorney's fees and costs under the FCRA pursuant to 15 USC 1681n and 1681o; and, under the FCCPA, via Fla. Stat. 559.77(2), because this case does

not raise a justiciable issue of law or fact.

As evidence of bad faith, PLAINTIFF furthers demonstrably false allegations, and: (1) PLAINTIFF claims she did not use the name "Lucia Bibb," (2) PLAINTIFF refused to cooperate with IQ DATA's investigation by providing the requested documents; (3) PLAINTIFF never provided a signed identity theft report or police report in support of her identity theft claim, as required by the FCRA; (4) PLAINTIFF claims her credit score was damaged, but marking a debt as "disputed" has no impact on one's credit score; and, (5) the case law establishes that IQ DATA acted "reasonably" in this matter.

**Dated: May 20, 2021**　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ Douglas A. Kahle*
　　　　　　　　　　　　　　　　　　　　Douglas A. Kahle, Esq.
　　　　　　　　　　　　　　　　　　　　Florida Bar No.: 0141194
　　　　　　　　　　　　　　　　　　　　E-Mail: dkahle@schwedpa.com
　　　　　　　　　　　　　　　　　　　　SCHWED KAHLE & KRESS, P.A.
　　　　　　　　　　　　　　　　　　　　11410 North Jog Road, Suite 100
　　　　　　　　　　　　　　　　　　　　Palm Beach Gardens, FL 33418
　　　　　　　　　　　　　　　　　　　　Telephone: (561) 694-0070
　　　　　　　　　　　　　　　　　　　　Facsimile: (561) 694-0057

**CERTIFICATE OF SERVICE**

I hereby certify that on **May 20, 2021**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

　　　　　　　　　　　　　　　　　　　　*/s/ Douglas A. Kahle*
　　　　　　　　　　　　　　　　　　　　Douglas A. Kahle, Esq.
　　　　　　　　　　　　　　　　　　　　Florida Bar No.: 0141194
　　　　　　　　　　　　　　　　　　　　E-Mail: dkahle@schwedpa.com

**SERVICE LIST**

Aaron M. Swift, Esq.
Jordan T. Isringhaus, Esq.
Jon P. Dubbeld, Esq.
Sean E. McEleney, Esq.
Swift, Isringhaus & Dubbeld, P.A.
8380 Bay Pines Blvd.
St. Petersburg, FL 33709
Phone: (727) 755-3676
Fax: (727) 255-5332
aswift@swift-law.com
jisringhaus@swift-law.com
jdubbeld@swift-law.com
smceleney@swift-law.com

*Counsel for Plaintiff*

Jason Daniel Joffe, Esq.
Squire Patton Boggs (US) LLP
200 S. Biscayne Blvd., Suite 4700
Miami, FL 33131
Telephone: (305) 577-7000
Facsimile: (305) 577-7001
Jason.joffe@squirepb.com

*Counsel for Defendant Equifax Information Services LLC*

Erika P. Solhtalab, Esq.
Quilling, Selander, Lownds, Winslett & Moser, P.C.
4004 Baldomera St.
Flower Mound, TX 75022-5006
esolhtalab@qslwm.com

Via CM/ECF