UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUCIA BRAVO,
an individual,

        Plaintiff,

v.

IQ DATA INTERNATIONAL, INC.
a foreign for-profit corporation,
EXPERIAN INFORMATION
SOLUTIONS, INC.,
a foreign for-profit corporation,
EQUIFAX INFORMATION
SERVICES, LLC,
a foreign limited liability company, and
TRANS UNION, LLC,
a foreign limited liability company,

        Defendants.
_____/

Case No.: 8:21-cv-887-TPB-SPF

### EMERGENCY MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF

**COME NOW** Jon P. Dubbeld, Esq., attorney for Plaintiff, Lucia Bravo, pursuant to Local Rule 2.03(b), and hereby respectfully request that this Honorable Court permit leave to withdraw from this case and Pursuant to Local Rule 3.01(e), the undersigned states that the following:

Mediation is set for Monday, August 30, 2021, at 1:30 PM. The undersigned and IQ Data's attorney, Mr. Kahle, have been in contact along with the Mediator, Mr. Gregory Holder. We held a call today at 1:15 PM in which we agreed that

barring an Order from this Court, the undersigned would need to appear along with the Plaintiff and Mr. Kahle at Mediation on Monday. The undersigned is required to withdrawal from this case based on the new facts stated below. The undersigned would respectfully request that this Court enter an Order on this Motion to Withdraw and the accompanying Opposed Motion to Extend Mediation Deadline before August 30, 2021. Mr. Kahle has to drive four hours to attend Mediation on Monday, so an Order by Sunday, August 29, would be very helpful.

### I.     PROCEDURAL POSTURE

1.     On April 8, 2021, Plaintiff retained undersigned counsel.

2.     On April 14, 2021, Plaintiff filed this action.

3.     On May 14, 2021, the Court entered the Case Management and Scheduling Order [Doc. 19].

4.     On June 1, 2021, Plaintiff noticed mediation, which was set to occur on August 30, 2019 [Doc. 27].

5.     On or around August 19, 2021, the undersigned counsel was presented with new evidence that contradicts the allegations presented in this case to date.[1] The newly discovered information requires mandatory withdrawal pursuant to Fla. R. Prof. Conduct 4-1.16(a).

---

[1] The Undersigned worked diligently to obtain dismissals from Trans Union and Experian in this case. However, the Undersigned was unable to obtain a dismissal from IQ DATA, which led to the delay.

6.    Separately, undersigned counsel sent e-mail correspondence to Plaintiff informing of the intent to move to withdraw after 10 days.

7.    The 10-day period under Local Rule 2.03(b) expires on September 6, 2021.

## II.   MANDATORY WITHDRAWAL IS REQUIRED

In this case, withdrawal is mandatory. *See* Fla. R. Prof. Conduct 4-1.16(a)(1) ([A] lawyer … shall withdraw from representation of a client if: the representation will result in violation of the Rules of Professional Conduct…"). As stated above, the undersigned was presented with new evidence that contradicts the allegations that have been made in this case to date.

Based upon the foregoing, withdrawal is mandatory and the undersigned requests that incident to withdrawal, the Court make a finding that withdrawal is necessary pursuant to Fla. R. Prof. Conduct 4-1.16(a)(1).

## III.   CONCLUSION

Due to the new facts learned of recently, withdrawal is mandatory pursuant to Fla. R. Prof. Conduct 4-1.16(a)(1). All pre-withdrawal notice has been properly given under Local Rule 2.03(b).

**WHEREFORE**, undersigned counsel respectfully request that this Court enter an Order as soon as possible relieving undersigned counsel and all attorneys of Swift, Isringhaus & Dubbeld, P.A. of all further duties in this action and on behalf

of Plaintiff, permitting a reasonable time during which Plaintiff may retain successor counsel, and granting such further relief as is warranted.

### Rule 3.01(g) Certification

Pursuant to Middle District of Florida Local Rule 3.01(g), the undersigned certifies that he contacted Defendant's counsel regarding the withdrawal and mediation extension requested herein and Defendant's counsel has not heard back from his client presently. As such, the Motion is not marked as opposed or unopposed.

Dated: August 27, 2021

Respectfully submitted,

**SWIFT, ISRINGHAUS & DUBBELD, P.A.**

/s/ *Jon P. Dubbeld*
**Jordan T. Isringhaus, Esq., FBN 0091487**
**Aaron M. Swift, Esq., FBN 0093088**
**Jon. P. Dubbeld, Esq., FBN 0105869**
8380 Bay Pines Rd.
St. Petersburg, FL 33709
Phone: (727) 755-3676
Fax: (727) 255-5332
jisringhaus@swift-law.com
aswift@swift-law.com
jdubbeld@swift-law.com
*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

- 5 -

     I HEREBY CERTIFY that on August 27, 2021, a true and correct copy of the above and foregoing was electronically filed via CM/ECF which will electronically serve counsel of record:

    Douglas A. Kahle, Esq.
    Schwed Kahle Kress PA
    11410 N. Jog Road, Suite 100
    Palm Beach Gardens, FL 33418
    561 694 0070
    *Counsel for Defendant*

I also provided a true and correct copy of the above and foregoing via U.S. Mail and e-mail to:

    Lucia Bravo
    9924 Azalea Bloom Way #419
    Riverview, FL 33578
    [Plaintiff's confidential personal e-mail address]
    *Plaintiff*

                                       /s/ *Jon P. Dubbeld*
                                       Attorney