UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:21-cv-00887

LUCIA BRAVO, an individual,

    Plaintiff,

v.

IQ DATA INTERNATIONAL, INC.
a foreign for-profit corporation, et al.,

    Defendants.
_____/

**DEFENDANT I.Q. DATA INTERNATIONAL'S
MOTION FOR LEAVE TO FILE A REPLY BRIEF
TO "RESPONSE IN OPPOSITION TO MOTION FOR
ATTORNEY'S FEES AND COSTS AND MEMORANDUM OF LAW,"
<u>PURSUANT TO MIDDLE DISRICT RULE 3.01(d)</u>**

    DEFENDANT, I.Q. DATA INTERNATIONAL INC. ("IQ DATA"), by and through undersigned counsel, hereby files this Motion for Leave to File a Reply Brief to "Response in Opposition to Motion for Attorney's Fees and Costs and Memorandum of Law," (doc. entry 77), pursuant to Middle District Rule 3.01(d).  In support of this Motion for Leave, IQ DATA states as follows:

    1.    IQ DATA requests leave of Court to file a Reply Brief regarding its "Motion for Entitlement to Attorney's Fees and Costs" (doc. entry 73).

    2.    IQ DATA requests a 10-page limit for its Reply Brief.

    3.    First, IQ DATA would like to discuss the importance of the July 8, 2021 date and the discovery that was produced on this date in conjunction with DUBBELD'S telephone conversation with ROSARIO.  It is IQ DATA'S position that based on the recorded telephone conversations produced to all parties on or about July 8, 2021, it was obvious that the case was

fraudulent and frivolous. There was no other explanation.

4. Second, IQ DATA would like to seek the deposition of DUBBELD. It is clear that BRAVO waived the attorney-client privilege regarding the settlement communications and what she desired from this lawsuit, i.e., did she want money or simply the debt removed from her credit report so that she could obtain a home loan:

> Here, the client testified at the deposition and admits that she did not assert any claim of privilege at the deposition. She voluntarily gave testimony in a contested proceeding . . . . **She waived the privilege.**
>
> * * *
>
> **By testifying without objection in the deposition**, petitioner **waived** any remaining attorney-client privilege.

S & I Investments v. Payless Flea Market Inc., 10 So.3d 699, 702-03 (Fla. 4th DCA 2009);

> We agree that Mr. Harkin **disclosed confidential communications** about the payment of checks to Minute Men Construction during his deposition and that he created a limited **waiver** of the attorney-client privilege as to **that issue**.

Teachers Ins. Co. v. Loeb, 75 So.3d 355, 356 (Fla. 1st DCA 2011) (quoting Coates v. Akerman Seterfitt & Eidson P.A., 940 So.2d 504, 511 (Fla. 2nd DCA 2006) ("When attorney-client communications are **disclosed** regarding a **certain matter**, there exists a limited **waiver** with respect to communications on the same, **specific matter**.")).[1]

5. Without DUBBELD'S testimony on these issues, the Court and IQ DATA have only half the story.

6. Third, IQ DATA would request an evidentiary hearing so that the Court can determine BRAVO'S credibility on certain issues, instead of the parties and the Court picking

---

[1] Incidentally, as discussed in other motions before the Court, IQ DATA's counsel gratuitously instructed BRAVO on at least three occasions during her depositions that she did not have to discuss any conversations with her attorney since such communications were protected by the attorney-client privilege. But, BRAVO was more than eager to waive the privilege and discuss such communications.

2

and choosing which parts of her deposition testimony to believe.  For example, it is IQ DATA'S position that BRAVO, like the large majority of plaintiffs in these cases, want nothing more than the bad debt removed from their credit reports so that they can obtain credit; but, the attorney wants money; and, that creates a conflict of interest.

7. Fourth, IQ DATA requests the releasing of the email communications between BRAVO and DUBBELD so that we can learn what was said and when it was said.  Again, BRAVO has clearly waived the attorney-client privilege on these issues by testifying to such issues in her depositions.

## **LOCAL RULE 3.1(g) CERTIFICATION**

8. Pursuant to Middle District Rule 3.01(g), IQ DATA discussed the Motion for Leave with BRAVO'S former counsel, Aaron Swift, and he does not object to IQ DATA requesting leave of Court.

WHEREFORE, IQ DATA requests Leave of Court to file a Reply Brief to address the issues set forth above.

**Dated: March 15, 2022**                                  Respectfully submitted,

/s/ Douglas A. Kahle
Douglas A. Kahle, Esq.
Florida Bar No.: 0141194
E-Mail: dkahle@schwedpa.com
SCHWED KAHLE & KRESS, P.A.
11410 North Jog Road, Suite 100
Palm Beach Gardens, FL 33418
Telephone: (561) 694-0070
Facsimile: (561) 694-0057
*Attorneys for IQ DATA*

3

**CERTIFICATE OF SERVICE**

I hereby certify that on **March 15, 2022**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                              */s/ Douglas A. Kahle*
                                              Douglas A. Kahle, Esq.
                                              Florida Bar No.: 0141194
                                              E-Mail: dkahle@schwedpa.com

**SERVICE LIST**

LUCIA BRAVO
9924 Azalea Bloom Way #419
Riverview, FL 33578
lucyb1302@gmail.com

*Pro Se Plaintiff – Via E-Mail Only*

AARON M. SWIFT, ESQ.
JORDAN T. ISRINGHAUS, ESQ.
JON P. DUBBELD, ESQ.
SEAN E. MCELENEY, ESQ.
Swift, Isringhaus & Dubbeld P.A.
8380 Bay Pines Blvd.
St. Petersburg, FL 33709
Phone: (727) 490-9919
Fax: (727) 255-5332
aswift@swift-law.com
jisringhaus@swift-law.com
jdubbeld@swift-law.com
smceleney@swift-law.com

**Via CM/ECF**